THE CITY OF ST. LOUIS, Respondent, *vs.* THE LIFE ASSOCIA-
TION OF AMERICA, Appellant.

1. *Statutes, construction of—General and particular statutes, prior and subsequent.*—A subsequent, general and affirmative act does not abrogate a prior one, which is particular, unless negative words are used, or unless the two acts are irreconcilably inconsistent; but a subsequent act, special in its character, conferring a direct grant of power, must prevail over a prior act refusing such power.

### Appeal from St. Louis Criminal Court.

*Irwin Z. Smith,* for Appellant.

I. The general laws of the State exempt defendant from any liability to pay this license tax. (W. S., 752, § 40.)

II. The amended charter of the city (Sess. Acts, 1870, 464) gives the city power to license, tax and regulate insurance companies, but it does not repeal W. S., 752, § 40, and therefore, if both acts can stand, they will be construed so that both shall stand. While the law of 1869 stands in its application to this class of insurance companies, the law of 1870 will stand and apply to all classes of insurance companies, that are not exempt from this tax and license.

The law does not favor repeals by implication, when two statutes can both stand together; nor does a statute general in its application repeal a statute referring to a special matter, unless by direct words. (47 Mo., 149.)

*E. P. McCarty,* for Respondent.

I. Section 40, W. S., 752, was an exemption from taxation and therefore unconstitutional and void. (Life Ass'n Am. vs. Bd. of Assessors, etc., 49 Mo., 512.)

II. If otherwise valid, this section of the General Law is limited by the subsequent special provisions of the city charter subjecting these companies to the police and taxing power of the city.

WAGNER, Judge, delivered the opinion of the court.

We think there was no merit in the motion filed by the defendant to dismiss the proceeding on account of the insufficiency of the complaint, and that it was properly overruled.

The complaint was substantially good; technical accuracy was not required; it set out the title of the ordinance alleged to be violated, and referred to the section, article and chapter relied on; stated in what the supposed violation consisted, and sufficiently informed the defendant what it was called upon to answer.

The action was to recover a penalty for violating a city ordinance in doing business without taking out a city license, and the only question is, whether the defendant is exempt from the operation of that ordinance. The defendant is an insurance company, organized on the mutual plan, without any paid up capital stock, and claims, that under the statutory laws of this State, it is exempt from the license imposed by the city.

This claim of exemption is founded on section 40 of the act in regard to the incorporation and regulation of Life Insurance Companies, approved March 10, 1869, (W. S., Ed. 1870, 752.) That section provides, that the Life Insurance Companies referred to shall pay certain fees, which shall go to the support of the insurance department, and shall be in lieu of all taxes, fees and license whatsoever collected for the benefit of the State; but that companies organized under the laws of the United States or any other statute, doing in this State the business mentioned, shall be subject to existing laws relating to fees and licenses for county and municipal purposes. It is also provided, that all companies organized under the laws of this State, and doing the business mentioned, shall pay all the fees required in the section, which shall be in lieu of all fees and taxes whatsoever, except that they may be taxed upon their paid up capital stock, in the same manner as other property in the county, for county and municipal purposes.

The amended charter of the city of St. Louis, approved March 4th, 1870, (Laws of 1870, p. 464), gives the city power to license, tax and regulate Insurance Companies, banking or other corporations, etc. Under this amended charter, the city passed the ordinance now in question, declaring that no person or association or company of persons, or corporation, shall

carry on in the city, in person or by agent, the business of any kind of insurance, without a license for that purpose continuing in force.

The defendant here was organized under the laws of this State, and the fortieth section above adverted to does unquestionably, upon the payment of the fees therein mentioned, exclude it from the imposition of taxes for municipal purposes when it possesses no paid up capital stock.

The settled doctrine is, that a later statute, which is general and affirmative, does not abrogate a former which is particular, unless negative words are used, or unless the two acts are irreconcilably inconsistent. But in the present case, the charter is a subsequent act special in its character, conferring a direct grant of power, and authorizing the license provided for in the city ordinance. The language is explicit; the power is given to license, tax and regulate insurance companies. The former law, in general language, withheld the power, the latter especially gave it in direct terms.

The two cannot be made to stand and harmonize with each other, and therefore the last act must prevail. As the finding below was for the plaintiff, the judgment should be affirmed.

Judge Adams is absent. The other Judges concur.